UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE RODRIGUEZ,

                          Plaintiff,

          v.                                    9:15-CV-0610
                                                (MAD/TWD)

THOMAS GRIFFIN; et al.,

                          Defendants.

---

APPEARANCES:

JOSE RODRIGUEZ
96-A-0803
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

This civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") was commenced by pro se plaintiff Jose Rodriguez seeking relief for the alleged violation of his constitutional rights during his confinement at Eastern NY Correctional Facility ("Eastern C. F."). *See* Dkt. No. 1 ("Compl.").

In a Decision and Order filed July 22, 2015, the Court granted plaintiff's in forma pauperis application and considered the sufficiency of his complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b). Dkt. No. 7 ("July Order"). On the basis of that review, the Court found that the complaint appeared to be barred by the three year statute of

limitations applicable to actions pursuant to Section 1983 and was, therefore, subject to dismissal for failure to state a claim upon which relief may be granted. *Id.* at 5-8. In light of his pro se status, prior to dismissing this action the Court afforded plaintiff the opportunity to file an amended complaint demonstrating the timeliness of his claims and/or presenting any meritorious tolling arguments. *Id.* at 8-9 (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)).

Plaintiff's amended complaint is before this Court for review. Dkt. No. 11 ("Am. Compl.").

## II. DISCUSSION

As alleged in the original complaint, beginning in approximately January 2011, plaintiff experienced serious symptoms (including severe headaches) for which defendants failed to provide proper and adequate evaluation and treatment. Compl. at 5-6. Plaintiff further alleged that medical staff at Eastern C.F. "failed to accept the consultation of outside providers" and failed to provide a bilingual interpreter to insure that his medical needs were being met. *Id.* at 8-9, 11. On February 16, 2012, plaintiff was rushed from Eastern C.F. to Albany Medical Center, having suffered a "Cerebral Stroke." *Id.* Plaintiff suffered permanent paralysis to his left side and is confined to a wheelchair. *Id.* at 12. The complaint named several medical providers at Eastern C.F. as defendants, as well as Eastern C.F. Supt. Griffin. *Id.* at 1-2. Plaintiff sought an award of damages. *Id.* at 14.

Upon review, because the lack of proper and adequate medical care at Eastern C.F. complained of by plaintiff occurred at the latest in February 2012, the Court found that the three year limitations period for asserting those claims expired three years later in February

2

2015, several months before this action was commenced. July Order at 6-8.[1] Because it did not appear that the limitations period was subject to equitable tolling, or that the continuing violation doctrine applies to plaintiff's claims, the Court concluded that complaint was subject to dismissal in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

In his amended complaint, plaintiff restates his allegations regarding the alleged deliberate indifference to his serious medical needs by medical providers at Eastern C.F. from December 2010 through February 2012. Am. Compl. at 1-10.[2] Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff has not set forth in the amended complaint any facts regarding his failure to timely file this lawsuit which even suggest that either the continuing violation doctrine or the doctrine of equitable tolling is applicable to his claims. Plaintiff does not allege that any of the defendants were involved in or responsible for his medical care subsequent to February 16, 2012, nor does he claim that although he pursued his rights diligently, an extraordinary circumstance prevented him from timely commencing this action. *See* July Order at 6-7.

As a result, the Court finds that plaintiff's claims are time-barred and subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

---

[1] Plaintiff signed his complaint on May 6, 2015. Compl. at 14.

[2] In the course of preparing his amended complaint, plaintiff obtained additional information regarding the names of his medical providers at Eastern C.F. Based upon that information, the Clerk is directed to revise the docket to identify defendant "Guzman" as "Gusman;" and defendant "Ms. Anndola, Nurse" as "Anandolas, Doctor." *See* Am. Compl. at 4.

3

**ORDERED** that the Clerk is directed to revise the docket to identify defendant "Guzman" as "Gusman;" and defendant "Ms. Anndola, Nurse" as "Anandolas, Doctor;" and it is further

**ORDERED** that this action is time-barred and is **DISMISSED with prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: October 5, 2015
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge