UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                         Plaintiff,                      9:15-CV-0610
                                                                       (MAD/TWD)
    v.

JEFFREY MCKOY, DR. MIKHAIL GUSMAN,
DR. ANN ANDOLA, DR. BIPIN BHAVSAR,
NANCY ANTHONY, MEGAN MCGLYNN,
AMANDA DEMSHICK, DAVID JACOBS,
ROGER TRAYNOR,

                         Defendants.

APPEARANCES:                                    OF COUNSEL:

PAUL, WEISS LAW FIRM                    Robert J. O'Loughlin, Esq.
Attorneys for Plaintiff                        Karen R. King, Esq.
New York Office                                Ayelet Evrony, Esq.
1285 Avenue of the Americas             Erin J. Morgan, Esq.
New York, New York 10019-6064

HON. BARBARA UNDERWOOD           Matthew P. Reed, Esq.
New York Attorney General              Konstandinos D. Leris, Esq.
Attorney for Defendants                   Ass't Attorneys General
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## ORDER

     This action was commenced *pro se* by Plaintiff Jose Rodriguez on May 19, 2015.

(Dkt. No. 1.) The operative pleading is Plaintiff's fifth amended complaint, filed on

October 22, 2018, which adds a new Defendant to the action. (Dkt. No. 96.) The fifth

amended complaint names a total of nine Defendants and includes claims for: (1)

deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights; (2) retaliatory transfer in violation of his First Amendment rights; and (3) denial of access to the courts in violation of his First Amendment rights. *Id*.

Plaintiff's medical indifference claim arises out of the alleged failure to provide Plaintiff with adequate medical attention and treatment for a cerebral stroke suffered by him in 2011 while he was incarcerated in Eastern Correctional Facility.[1]  *Id*. at 5-7; Dkt. No. 1.

Plaintiff's retaliation claim alleges that on July 5, 2016, he was transferred from Shawangunk Correctional Facility, where his attorneys were able to meet with him in person and have unlimited phone calls with him during May and June 2016, to Franklin Correctional Facility ("Franklin"), which was not easily accessible to his counsel and family, and where the number and length of his phone calls with counsel was severely limited in retaliation for his commencement of this lawsuit.

Plaintiff's access to court claim alleges that as a result of his transfer to Franklin, and the resulting limitation on attorney visits and restriction of telephone calls with counsel to one thirty minute call per month, his access to the courts and to his counsel were restricted in violation of his First Amendment rights.

Prior to the filing of Plaintiff's fifth amended complaint, the Court learned during an October 15, 2018, telephone status conference with counsel, set for the purpose of

---

[1] Plaintiff's Eighth Amendment medical indifference claim was included in his first amended complaint and dismissed as time barred upon initial review by the District Court under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  (Dkt. Nos. 11, 14.)  The order was vacated and the case remanded by the Second Circuit.  (Dkt. No. 22.)  Plaintiff was represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") on the appeal, and the firm has continued representing Plaintiff in the case. *Id*.; Dkt. Nos. 26-27, 93-94.

setting discovery deadlines, that Plaintiff had been deported to the Dominican Republic. (*See* Text Order entered 10/15/18; Dkt. No. 102 at 1.) Upon receiving this information, the Court directed Plaintiff to file a letter brief explaining how the action can go forward without Plaintiff being present for his deposition and trial, and directed Defendant to file a responsive letter brief. *Id*. This case has been held in abeyance by the Court until the issue of Plaintiff's case proceeding in light of his deportation has been decided. *Id*. The Court has now reviewed and taken under consideration the letter briefs submitted by counsel for the parties (Dkt. Nos. 102, 105), and Plaintiff's reply to Defendants' letter brief. (Dkt. No. 106.)

The Court notes that Plaintiff was deported to the Dominican Republic on October 3, 2017, after having been released from prison on September 6, 2017. (Dkt. No. 102 at 1.) The deportation was based upon an order of removal pending against Plaintiff since 1999. *Id*. Plaintiff has made no effort to return to the United States to prosecute this lawsuit, and his counsel has indicated that because of the deportation order, it would not be feasible for Plaintiff to reenter the United States and, if he did, he would be subject to criminal penalties. *Id*. *See* 8 U.S.C. § 1326(a)(2) (plaintiff may not reenter the United States for twenty years after the date of his deportation, absent the explicit consent of the Attorney General or his or her designee).

Plaintiff's counsel has taken the position that the action has proceeded apace since Plaintiff's deportation, and that Plaintiff should be allowed to proceed with the litigation by having his deposition taken in the Dominican Republic, either in person or by video conference, and his trial testimony preserved either by deposition or testimony

3

through video transmission from the Dominican Republic. *Id*. at 2-5. According to defense counsel, however, the litigation has proceeded slowly since the deportation, and there has been no discussion among counsel as to the scheduling and logistics of Plaintiff's deposition in the Dominican Republic. (Dkt. No. 105 at 1.) Defense counsel moreover objects to both having Plaintiff's deposition testimony taken and his trial testimony presented via video conference from the Dominican Republic. *Id.*

Defense counsel has also expressed concern regarding the need for examination of Plaintiff by medical experts, particularly in light of Plaintiff's interrogatory response indicating he is "under continuing medical care and some injuries attributable to his stroke in 2012 may not yet be identified." *Id*. at 2. Plaintiff's counsel denies that Plaintiff's present physical condition is in controversy and argues that, if necessary, an examination could be arranged to be conducted in the Dominican Republic. (Dkt. No. 106.)

The Court commends Plaintiff's *pro bono* counsel for the excellent work they have done on Plaintiff's behalf and their willingness to continue to represent Plaintiff in this action despite the substantial burden created by his deportation to the Dominican Republic. Nonetheless, considering the logistical difficulties and substantial cost of continuing with discovery; the logistical difficulties, required technological resources from the court, and prohibitive cost of trying the case without the Plaintiff in the courtroom; and the inefficient use of judicial resources in addressing the difficulties and disputes between the parties that would no doubt arise and require court intervention and resolution throughout the litigation, including throughout the remaining discovery

4

and at trial, the Court concludes there is no further reason to maintain this action on the open docket for statistical purposes and directs administrative closure of the case.

**ACCORDINGLY**, it is hereby

**ORDERED** that the Clerk of the Court is instructed to submit a JS-6 (using Statistical Code 18) to the Administrative Offices of the U.S. Courts.

The parties are advised that nothing contained in this Order shall be considered a dismissal or disposition of the above-entitled action, and the case is subject to reopening for good cause shown. Good cause may be established by a request by either party to reopen the case in the event of Plaintiff's reentry into the United States and ability to complete prosecution of the case.

The Clerk of the Court is directed to serve a copy of this Order on all parties to the action.

**IT IS SO ORDERED**.

Dated: December 6, 2018
    Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge