**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

JOSE RODRIGUEZ,

                              **Plaintiff,**

  vs.                                                            9:15-CV-0610
                                                                       (MAD/TWD)

JEFFREY MCKOY, DR. MIKHAIL GUSMAN,
DR. ANN ANDOLA, DR. BIPIN BHAVSAR,
NANCY ANTHONY, MEGAN MCGLYNN,
AMANDA DEMSHICK, DAVID JACOBS, and
ROGER TRAYNOR,

                              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **PAUL, WEISS LAW FIRM** | **KAREN R. KING, ESQ.** |
| New York Office | **AYELET EVRONY, ESQ.** |
| 1285 Avenue of the Americas | **ERIN J. MORGAN, ESQ.** |
| New York, New York 10019-6064 | **ROBERT J. O'LOUGHLIN, ESQ.** |
| Attorneys for Plaintiff | |
| **OFFICE OF THE NEW YORK** | **MATTHEW P. REED, AAG** |
| **STATE ATTORNEY GENERAL** | **KONSTANDINOS D. LERIS, AAG** |
| The Capitol | |
| Albany, New York 12224 | |
| Attorneys for Defendant | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Jose Rodriguez commenced this action on May 19, 2015. *See* Dkt. No. 1. Plaintiff's fifth amended complaint, filed on October 22, 2018, names a total of nine Defendants and includes the following claims: (1) deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights; (2) retaliatory transfer in violation of his First

Amendment rights; and (3) denial of access to the courts in violation of his First Amendment rights. *See* Dkt. No. 96.

Plaintiff's medical indifference claims arises out of an alleged failure to provide Plaintiff with adequate medical attention and treatment for a cerebral stroke Plaintiff suffered while he was an inmate at Eastern Correctional Facility.[1]  *See* Dkt. No. 96 at 12.  Plaintiff's retaliation claim alleges that on July 5, 2016, Plaintiff was transferred from Shawangunk Correctional Facility, where Plaintiff's attorneys were able to meet with him in person and have unlimited phone calls with him throughout May and June 2016, to Franklin Correctional Facility ("Franklin"), which was not easily accessible to his counsel and family, and where the number and length of his phone calls with counsel were severely limited in retaliation for his commencement of this lawsuit.  *See id.* at 13.  Plaintiff's access to court claim arises out of his transfer to Franklin, and the resultant limitation on attorney visits and restriction of telephone calls with counsel to one thirty minute call per month.  *See id.* at 14.

On October 15, 2018, Magistrate Judge Dancks learned during a telephone status conference with counsel that Plaintiff had been deported to the Dominican Republic.  *See* Text Minute Entry dated Oct. 15, 2018.  Plaintiff's counsel explained that Plaintiff was deported on October 3, 2017, after having been released from prison on September 6, 2017.  *See id.*  Plaintiff's deportation was based upon an order of removal pending against Plaintiff since 1999.  *See id.*

---

[1] Plaintiff's Eighth Amendment medical indifference claim was included in his first amended complaint and dismissed as time barred on initial review by this Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  *See* Dkt. No. 11; Dkt. No. 14.  The Order was vacated and the case remanded by the Second Circuit.  *See* Dkt. No. 22.  Plaintiff filed this action *pro se*, but was represented on appeal by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), and the firm has continued to represent Plaintiff in this matter since.  *Id.*; Dkt. No. 26; Dkt. No. 94.

Plaintiff's counsel indicated that due to the deportation order, it is not possible for Plaintiff to reenter the United States, and if he did he would be subject to criminal liability. *See id*.

In light of Plaintiff's deportation, Magistrate Judge Dancks ordered a JS-6 administrative closure of this case. In the order, Magistrate Judge Dancks explained as follows:

> considering the logistical difficulties and substantial cost of continuing with discovery; the logistical difficulties, required technological resources from the court, and prohibitive cost of trying the case without the Plaintiff in the courtroom; and the inefficient use of judicial resources in addressing the difficulties and disputes between the parties that would no doubt arise and require court intervention and resolution throughout the litigation, including throughout the remaining discovery and at trial, the Court concludes there is no further reason to maintain this action on the open docket for statistical purposes and directs administrative closure of the case.

*See* Dkt. No. 108 at 4-5.

Currently before the Court is Plaintiff's motion for reconsideration of Magistrate Judge Dancks' order administratively closing the case, which Defendants oppose. *See* Dkt. Nos. 109 & 110. On January 29, 2019, Plaintiff submitted a further reply in support of his motion for reconsideration. *See* Dkt. No. 113.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the December 6, 2018 Order. *See* Dkt. No. 108.

**A.    Plaintiff's motion for reconsideration**

Plaintiff argues that Magistrate Judge Dancks' administrative order closing the case was in effect "involuntary dismissal of the case and therefore constitutes a dispositive order." Dkt. No. 109-1 at 7. As such, Plaintiff argues that Magistrate Judge Dancks lacked the authority to issue the order. *See id*. In addressing Magistrate Judge Dancks' specific inquiry of "how the action can

3

go forward without Plaintiff being present for his deposition and trial," Plaintiff advances three arguments. *See* Dkt. No. 109-1 at 13.

First, Plaintiff argues that he can be deposed in the Dominican Republic. *See* Dkt. No. 109-1 at 14. Noting that Plaintiff cannot lawfully return to the United States "absent an order from the Attorney General," it is highly unlikely that Plaintiff will be able to appear within the Northern District for a deposition. *See id*. at 15. Citing Federal Rule of Civil Procedure 28(b), Plaintiff argues a deposition may be taken in a foreign country under a "'letter of request'" or "'on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination.'" *See id*. (quoting Fed. R. Civ. P. 28(b)(1)). Plaintiff is willing to stipulate "to a deposition in the Dominican Republic under whatever procedure satisfies the Court, Defendants, and the requirements of local law..." *See id*. at 15-16. Plaintiff points to Federal Rule of Civil Procedure 30(b)(4), which "allows–on stipulation of the parties or by order of the Court–a deposition to be taken by 'telephone or other remote means.'" *See id*. (quoting Fed. R. Civ. P. 30(b)(4)). Plaintiff further contends that anyone else to be deposed could themselves travel to the United States, not burdening Defendants or the Court. *See id*. at 18.

Second, Plaintiff argues that he can "either preserve his trial testimony by deposition, or can testify at trial through video transmission." *See id*. Plaintiff argues "that Federal Rule of Civil Procedure 32(a)(4) allows the deposition testimony of a party to be used at trial when the witness is unavailable... 'if the court finds that the witness is more than 100 miles from the place of the hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.'" *See id*. Plaintiff further contends that there "can be no objection to using his deposition testimony at trial if he continues to be unavailable to attend trial in person." *See id*. at 19. Plaintiff notes that he is not proceeding *pro se* and, as such,

4

concerns about Plaintiff's ability to prosecute his case when he cannot appear at trial are unfounded. *See id*. at 21.

Finally, Plaintiff argues that if the Court does determine that Magistrate Judge Dancks' order was non-dispositive, it "should nonetheless be reversed as contrary to law and clearly erroneous." *See id*. at 22. Plaintiff contends that Magistrate Judge Dancks did not evaluate Plaintiff's argument or state the requisite standard, but instead "summarily concluded that administrative closure was warranted due to 'logistical difficulties and substantial cost,' as well as the 'inefficient use of judicial resources.'" *See id*. (quoting Dkt. No. 108 at 4). Plaintiff argues that the order did not take into account the unique factual circumstances of the case, and that if discovery has lagged at all it is only due to Defendant's "request that discovery be stayed while the motion to dismiss was pending." *See id*. at 23; Dkt. No. 54; Dkt. No. 58.

**B.     Defendants' opposition to Plaintiff's motion**

In its opposition, Defendants first address the potential of a remote deposition. *See id*. Defendants contend that "Plaintiff's claims will require a complex evaluation of medical treatment, supported or refuted by the testimony of the [D]efendant medical professionals, as well as experts to be potentially retained b[y] either party. Experts will likely serve as witnesses, giving an opinion on the past treatment of the [P]laintiff, but may also be employed to examine [P]laintiff's current medical condition in the event it is relevant to any award of damages." Dkt. No. 110 at 9.

Second, Defendants contend that "there exists no public policy or social justice rationale for permitting [P]laintiff to proceed with his action in the Northern District while deported." *Id.* at 10. Defendants then distinguish the cases cited by Plaintiff, in which immigrant employees sued their ex-employers for illegal labor practices, and other statutory violations, that were

5

allowed to proceed. *See id*. at 10 (citing *Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 446 (S.D.N.Y. 2012)) (other citation omitted).

Finally, Defendants argue that the administrative closure by Magistrate Judge Dancks was a non-dispositive matter, and that an administrative order closing a case is not "in effect, an involuntary dismissal of the case." *See* Dkt. No. 110 at 11. Defendant also contend that Plaintiff has not taken any steps to reenter the United States, and that this fact should bar his deposition from being taken remotely. *See id*. at 12.

**C.     Plaintiff's reply in support of motion for reconsideration**

In his reply, Plaintiff first asserts that Magistrate Judge Dancks applied the wrong legal standard. *See* Dkt. No. 113 at 6. Specifically, Plaintiff argues that because the administrative closure order effectively results in the dismissal of this action, it should have been treated as a dispositive motion and been issued by the District Court. *See id.* As such, regardless of the fact that Plaintiff called the pending application a "motion for reconsideration," the Court should treat the motion as objections to a report and recommendation, leading to *de novo* review. *See id.* at 6-7.

Plaintiff makes three further arguments that are reiterations of those raised in its initial memorandum of law in support of his motion for reconsideration: (1) Plaintiff can be deposed where he resides and appear at trial via remote means; (2) Defendants' experts can examine Plaintiff in the Dominican Republic; and (3) significant public policy concerns justify permitting Plaintiff to proceed with this action. *See id*. at 9-15.

### III. DISCUSSION

**A.     Motion for Reconsideration or Objections to a Report and Recommendation**

Contrary to Plaintiff's assertions, the Court believes that Magistrate Judge Dancks properly issued the order administratively closing this case because it was a non-dispositive action. As Magistrate Judge Dancks informed the parties, "nothing contained in this Order shall be considered a dismissal or disposition of the above-entitled action, and the case is subject to reopening for good cause shown." Dkt. No. 108 at 5. Despite the Court's belief that this action was within Magistrate Judge Dancks' authority, the Court will nevertheless treat the administrative closure order as a recommendation under 28 U.S.C. § 636(b)(1)(B) and engage in *de novo* review. *See Makwana v. Express Scrips, Inc.*, No. 14-cv-7096, 2015 WL 4078048, *2 n.1 (D.N.J. July 6, 2015) (treating a motion for reconsideration as objections to a magistrate judge's recommendation).

**B.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**C.     Decision to Administratively Close a Case**

A significant body of jurisprudence – developed primarily in connection with lawsuits filed by incarcerated persons – instructs federal district courts to not dismiss or administratively

close actions in which litigants are unable to appear without first considering less drastic alternatives. *See Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112-13 (4th Cir. 1988); *Greer v. Bramhall*, 34 Fed. Appx. 151, 151 (5th Cir. 2002); *Monk v. Clark*, 254 F.3d 1080 (5th Cir. 2001). Such alternatives include (1) making provisions for the prisoner to travel to attend the trial in person; (2) trying the case without the prisoner's presence in the courtroom, either on depositions or affidavits or with the aid of video; and (3) trying the case without a jury at a location near where the prisoner is incarcerated. *See id.*

If Plaintiff was still incarcerated in this country, one of the alternatives described above might be viable. However, in this situation, none of the alternatives are practical. As Plaintiff has been deported after having been convicted of an aggravated felony, absent permission from the Attorney General, he may not be readmitted for twenty years. *See* 8 C.F.R. § 212.2. As such, he will be unavailable to appear at trial. Courts have regularly found that dismissal is appropriate in similar situations. *See Kuar v. Mawn*, No. 08-cv-4401, 2012 WL 3808620, *9 (E.D.N.Y. Sept. 4, 2012) (citing cases); *Brown v. Wright*, No. 05-cv-82, 2008 WL 346347, *4 (N.D.N.Y. Feb. 6, 2008) (requiring the plaintiff to file the written consent of the United States Attorney General to return to the United States or face dismissal). Significantly, Plaintiff has indicated that he has not even attempted to obtain the permission of the Attorney General for reentry.

In addition to alternatives to having Plaintiff present at trial, the Court must also consider the fact that discovery in this case has not yet concluded. Plaintiff correctly asserts that there are mechanisms through which depositions can be taken remotely. However, there are considerations that weigh against permitting discovery to continue at this juncture. In his response to an interrogatory that sought to identify Plaintiff's injuries that allegedly resulted from Defendants' actions, Plaintiff indicated that he "is under continuing medical care and some injuries attributable

8

to his stroke in 2012 may not be identified yet." Dkt. No. 105-1 at 5-6. As Defendants note, the nature of Plaintiff's allegations and alleged injuries will more than likely require additional examinations of Plaintiff by medical professionals hired by one or both parties. To the extent that Plaintiff has treating physicians in the Dominican Republic, Defendants would not have a reasonable opportunity to depose those providers concerning any ongoing treatment for injuries allegedly related to this action. Finally, Defendants note that Plaintiff's response to the interrogatory will likely require the retention of an expert witness, who would necessarily be forced to conduct a physical examination of Plaintiff in the Dominican Republic.

While the Court is not unsympathetic to the situation, permitting this matter to proceed after Plaintiff's deportation, with a significant amount of discovery still outstanding, would be unduly prejudicial to Defendants and an inefficient use of judicial resources. If it were possible for Plaintiff to return to the United States for trial, the Court may reach a different outcome. Absent that eventuality, the Court finds that Magistrate Judge Dancks correctly determined that this case should be administratively closed. *See Del Rio v. Morgado*, No. 10-cv-8955, 2013 WL 5520218, *3 (C.D. Cal. Oct. 3, 2013) (dismissing the case after the plaintiff had been deported, despite the plaintiff's good-faith efforts to continue to prosecute the action from Spain, including his willingness to participate in discovery through video conference and other remote methods).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks December 6, 2018 order directing the administrative closure of this case, which the Court has construed as a report and recommendation, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge